**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARRI LEN WHEELER, an individual, | No. 18-35907 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05060-BHS |
| v. | |
| WELLS FARGO HOME MORTGAGE, a division of Wells Fargo N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Karri Len Wheeler appeals pro se from the district court's judgment

dismissing her action alleging claims under the Truth In Lending Act ("TILA"),

Real Estate Settlement Procedures Act ("RESPA"), Fair Debt Collection Practices

Act ("FDCPA"), and state law arising out of foreclosure proceedings.  We have

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any ground supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

The district court properly dismissed Wheeler's TILA and RESPA claims because these statutes do not apply to loans taken primarily for business purposes. *See* 12 U.S.C. § 2606(a)(1) (RESPA does not "apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes . . . ."); 15 U.S.C. § 1603(1) (TILA does not "apply to . . . [c]redit transactions involving extension of credit primarily for business, commercial, or agricultural purposes . . . ."); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011) (explaining that loans taken to acquire "non-owner-occupied rental properties" were loans for business purposes under Regulation Z to which RESPA did not apply).

Dismissal of Wheeler's FDCPA claim was proper because Wheeler failed to allege facts sufficient to show how defendant Wells Fargo violated the FDCPA. *See* 15 U.S.C. § 1692e (prohibiting "any false, deceptive, or misleading representation or means in connection with the collection of any debt"); § 1692f(6) (prohibiting the "taking or threatening to take any nonjudicial action to effect

dispossession or disablement of property if there is no present right to possession of the property"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Wheeler's claim under the Washington Consumer Protection Act ("CPA") because Wheeler failed to allege facts sufficient to state any element of a CPA claim. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (elements of the CPA cause of action).

The district court did not abuse its discretion in denying Wheeler further leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that a district court may deny leave to amend where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**